IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY SMITH,
      Plaintiff,          :       Civil Action No. 3:14-cv-1340

      v.            :       (Judge Mariani)

THOMAS, *et al.*,
      Defendants.    :

_____

JEREMY SMITH,
      Plaintiff,          :       Civil Action No. 3:14-cv-1778

      v.            :       (Judge Mariani)

SAMUELS, *et al.*,
      Defendants.    :

**FILED
SCRANTON**

NOV − 4 2014

PER _____
DEPUTY CLERK

## **MEMORANDUM**

Plaintiff, Jeremy Smith, an inmate currently confined at the United States

Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), initiated a *Bivens*[1] action

pursuant to 28 U.S.C. § 1331 in Civil Action Number 3:14-cv-1778.  (Doc. 1).  The complaint

alleges constitutional violations for events that occurred at USP-Lewisburg.  (*Id.*).  Plaintiff

filed a motion for leave to proceed *in forma pauperis* and a prisoner authorization.  (Docs. 9,

10).  Also pending is Plaintiff's motion to compel discovery.  (Doc. 4).

The complaint identifies the Defendants and their job descriptions as follows:

_____

[1]   *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  A
*Bivens*-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983.  *See Paton v.
LaPrade*, 524 F.2d 862 (3d Cir. 1975); *Farmer v. Carlson*, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988).

Charles Samuels, Director of the Federal Bureau of Prisons; Jeffrey Thomas, Warden of

USP-Lewisburg; T. Stackhouse, Correctional Officer; J. Klose, Correctional Officer; J. Eck,

Correctional Officer; R. Fisher, Correctional Officer; S. Dees, Registered Nurse; Alicia

Scrunover, Registered Nurse; EMPT Potter; EMPT Fairinger; Allen Edinger, Medical

Doctor; Johnson, Lieutenant; C. Johnson, Lieutenant; J. Cardonas, Lieutenant; B. Shirk,

Lieutenant; C. Scampone, Lieutenant; Casquilla, Lieutenant; J. Sherman, Lieutenant; Scott,

Lieutenant; Sailor, Lieutenant; N. Carpet, Lieutenant; Brand, Lieutenant; R. Marr, Unit

Counselor; and, three (3) unknown Lieutenants at USP-Lewisburg.  (Doc. 1 ¶¶ 4-6).

Pursuant to the screening requirements of the Prison Litigation Reform Act ("PLRA"),

this Court reviewed the instant complaint in Civil Action Number 3:14-cv-1778.  *See* Pub. L.

No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915A(a).  After review, the

above-captioned cases will be consolidated and Plaintiff's action will proceed under Civil

Action Number 3:14-cv-1340.

## I.    Procedural History

On July 14, 2014, Plaintiff filed a *Bivens* action under docket number 3:14-cv-1340.

(Civil Action No. 3:14-cv-1340, Doc. 1).  By Memorandum and Order dated July 24, 2014,

this Court screened Plaintiff's complaint and directed him to file an amended complaint.  (*Id.*

at Doc. 7).  Plaintiff thereafter filed an amended complaint on August 1, 2014.  (*Id.* at Doc.

8).  By Order dated August 11, 2014, this Court accepted Plaintiff's amended complaint,

2

directed service on fourteen (14) named Defendants, and terminated several named Defendants. (*Id.* at Doc. 9). Civil Action Number 3:14-cv-1340 is currently pending in this Court.

On September 12, 2014, Plaintiff filed the instant *Bivens* action under docket number 3:14-cv-1778. (Civil Action No. 3:14-cv-1778, Doc. 1).

## II.    Standard of Review - Screening

The PLRA authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915 if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e); *Kennedy v. S.C.I. Rockview Emples.*, 2010 U.S. Dist. LEXIS 123545, *4 (M.D. Pa. 2010) (Caputo, J.). Moreover, § 1915A requires the court to screen any complaint brought by a prisoner who seeks relief from a government employee to determine whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. § 1915A(a).

The grounds for dismissal under § 1915A are similar to the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." 28 U.S.C. § 1915A; FED. R. CIV. P. 12(b)(6). The court must accept as true all allegations in the

3

complaint and draw all reasonable inferences in the light most favorable to the plaintiff;

however, the court "need not credit a complaint's bald assertions or legal conclusions."

*Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997); *Jordan v. Fox*

*Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). The factual

allegations must be enough to raise a right to relief above the speculative level and, a court

need not assume that a plaintiff can prove facts not alleged. *Associated Gen. Contractors*

*of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983); *see also*

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ("Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007) (a court need not "accept legal conclusions set forth as

factual allegations"); *Tindell v. Beard,* 351 Fed. Appx. 591, 593-94 (3d Cir. 2009).

Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a).

FED. R. CIV. P. 8(a) (requiring a "short and plain" statement of a cause of action). This Court

also recognizes that *pro se* complaints are to be liberally construed. *See Haines v. Kerner,*

404 U.S. 519, 520 (1972); *Riley v. Jeffes,* 777 F.2d 143, 147-48 (3d Cir. 1985).

## III.    Discussion

### A.    Consolidation

The amended complaint in Civil Action Number 3:14-cv-1340 was served on the

following Defendants: Charles Samuels; Jeffrey Thomas; Officer J. Klose; Officer J. Eck; T.

4

Stackhouse; Lieutenant Johnson; Lieutenant J. Cardonas; Lieutenant C. Johnson;

Lieutenant C. Brand; Officer Fisher; Lieutenant Camden Scampone; Lieutenant Brandon

Shirk; Lieutenant Casquilla; and, EMPT Potter.[2]  (Civil Action Number 3:14-cv-1340, Doc.

9).  The following Defendants were terminated as parties to that action: the Federal Bureau

of Prisons; Assistant Warden Wilson; Medical Doctor Allen Edinger; Registered Nurse S.

Deer[3]; Registered Nurse Robinson; Registered Nurse Scrunover; EMPT Fairinger;

Physician Assistant Francis Fasciana; Physician Assistant Noel Trusal; Physician Assistant

Marcioli; R.N. Jane Doe; Psychiatrist Danielle Mink; Psychologist Jane Doe; Lieutenant N.

Carpet; Lieutenant Scott; Lieutenant Sailor; Lieutenant J. Sherman; four Lieutenants John

Doe; Officers John Doe; unnamed Federal correctional officers; and, three (3) unknown

Lewisburg Lieutenants.  (Id.).

The Defendants named in Civil Action Number 3:14-cv-1778 are: Charles Samuels;

Jeffrey Thomas; Officer T. Stackhouse; Officer J. Klose; Officer J. Eck; Officer R. Fisher;

Registered Nurse S. Dees; Registered Nurse Alicia Scrunover; EMPT Potter; EMPT

Fairinger; Medical Doctor Allen Edinger; Lieutenant Johnson; Lieutenant C. Johnson;

Lieutenant J. Cardonas; Lieutenant B. Shirk; Lieutenant C. Scampone; Lieutenant

Casquilla; Lieutenant J. Sherman; Lieutenant Scott; Lieutenant Sailor; Lieutenant N. Carpet;

---

[2]    Each of these Defendants have been named again in Plaintiff's complaint filed in Civil Action
Number 3:14-cv-1778.

[3]    Identified as "S. Dees" in Civil Action Number 3:14-cv-1778.

Lieutenant Brand; R. Marr, Unit Counselor; and, three (3) unknown Lieutenants at USP-Lewisburg.  (Civil Action No. 3:14-cv-1778, Doc. 1 ¶¶ 4-6).  The only newly named Defendant in Civil Action Number 3:14-cv-1778 is R. Marr and, after review, he will be added as a party to this action.

Nearly all of the Defendants named in the instant complaint in Civil Action Number 3:14-cv-1778 have been served in Civil Action Number 3:14-cv-1340.  The Defendants that were not served are: Nurse S. Dees, Nurse Alicia Scrunover, EMPT Fairinger, Medical Doctor Allen Edinger, Lieutenant J. Sherman, Lieutenant Scott, Lieutenant Sailor, Lieutenant N. Carpet, and three (3) unknown Lieutenants.  This Court ultimately determined that Plaintiff failed to adequately allege their personal involvement and they were terminated as parties.  *See* Civil Action No. 3:14-cv-1340 at (Doc. 9).  Upon review of the instant complaint in Civil Action No. 3:14-cv-1778, Plaintiff again failed to adequately allege the personal involvement of these individuals and they will be dismissed.

Plaintiff's complaints involve common questions of law and fact and, therefore, should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure, which provides:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

FED. R. CIV. P. 42(a).  In determining whether to consolidate, the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause.  *See Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983).

Review of the complaints filed in actions 3:14-cv-1340 and 3:14-cv-1778, reveals that they involve common questions of law and raise the exact same constitutional claims against the same Defendants.  The claims raised in Civil Action Number 3:14-cv-1340 are based on the First and Eighth Amendments to the Constitution.  (Civil Action No. 3:14-cv-1340, Doc. 8 ¶¶ 8, 13).  Plaintiff sets forth allegations of retaliation and cruel and unusual punishment.  (*Id.*).  The claims raised in Civil Action Number 3:14-cv-1778 also concern the First and Eighth Amendments to the Constitution, setting forth claims of retaliation and cruel and unusual punishment.  (Civil Action No. 3:14-cv-1778, Doc. 1 ¶¶ 8-10, 13).

The factual basis for each action is identical and is based on events that occurred in March, 2014.  Plaintiff alleges that he was placed in ambulatory restraints for eight (8) days, from March 10, 2014, until March 18, 2014, in retaliation for refusing to accept a new cellmate.  (Civil Action No. 3:14-cv-1340, Doc. 8 ¶¶ 8, 10; Civil Action No. 3:14-cv-1778, Doc. 1 ¶¶ 8, 9).  As a result of the "skin tight, bone tight" ambulatory restraints, Plaintiff alleges that he suffers from permanent skin scarring, nerve damage, wrist welts, and loss of feeling, mainly in his right hand.  (Civil Action No. 3:14-cv-1340, Doc. 8 ¶ 10; Civil Action

7

No. 3:14-cv-1778, Doc. 1 ¶ 9). He also alleges that he suffers from "some" permanent damage in his left hand. (Id.).

On March 10, 2014, Officers S. Eck and J. Klose allegedly told Plaintiff to "cuff up" for a routine cell search. (Civil Action No. 3:14-cv-1340, Doc. 8 ¶ 8; Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 8). Plaintiff was placed in the shower and he observed Officer T. Stackhouse escort another inmate to Plaintiff's cell. (Id.). Plaintiff claims that he cannot be housed with a cellmate due to his bipolar and borderline personality disorders, and the correctional officers were aware of these disorders. (Id.). Lieutenant Johnson asked Plaintiff if he was ready to go back to his cell with his new cellmate, and Plaintiff replied that he does not accept cellmates due to his mental disorders. (Civil Action No. 3:14-cv-1340, Doc. 8 ¶ 8; Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 9). Plaintiff alleges that Lieutenant Johnson and Officer S. Eck attempted to force Plaintiff out of the shower, but he refused. (Id.). Plaintiff was then placed in ambulatory restraints for refusing to accept his new cellmate assignment. (Civil Action No. 3:14-cv-1340, Doc. 8 ¶¶ 8, 9; Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 9).

On March 14, 2014, Lieutenants Cardonas, Brand, and C. Johnson, and Officer Fisher entered Plaintiff's cell to remove the ambulatory restraints. (Civil Action No. 3:14-cv-1340, Doc. 8 ¶ 9; Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 9). Plaintiff's leg shackles were removed and he was told that he was going into the cell with a new cellmate. (Id.). Plaintiff

8

again refused and Officer Fisher allegedly grabbed Plaintiff by the throat and choked him, causing him to collapse. (Id.). Plaintiff alleges that Fisher later reported to the Federal Bureau of Investigation that Plaintiff assaulted him and kicked him in the hand, to justify putting him in "four point restraints." (Id.).

On March 16, 2014, Lieutenant B. Shirk asked Plaintiff if he was willing to accept a cellmate, and Plaintiff replied "no." (Civil Action No. 3:14-cv-1340, Doc. 8 ¶ 9; Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 9). Plaintiff was again placed in ambulatory restraints. (Id.). On March 18, 2014, Lieutenant Shirk, Lieutenant Casquilla, and EMPT Potter entered Plaintiff's cell, removed the restraints, and informed him that he was being moved to "x" block, hospital 2. (Civil Action No. 3:14-cv-1340, Doc. 8 ¶ 10; Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 9). Plaintiff refused to leave his cell without a camera documenting the move. (Id.). When the camera team arrived, Plaintiff was escorted to the shower. (Id.). Dr. Edinger, EMPT Potter, and other unknown officers were also present during this move. (Id.). EMPT Potter helped remove the restraints and had to apply ointment to remove the arm restraints. (Id.). The restraints were removed, Plaintiff was placed in clean paper clothes, handcuffed, and moved to the "x" block, hospital 2 cell. (Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 9).

Plaintiff also alleges that he was denied sack breakfasts and sack lunches. (Civil Action No. 3:14-cv-1430, Doc. 8 ¶ 9; Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 9).

In Civil Action Number 3:14-cv-1778, Plaintiff appears to allege that he was denied

grievances and legal paperwork filings by Unit Counselor R. Marr.  (Civil Action No. 3:14-cv-1778, Doc. 1 ¶ 10).  Also in Civil Action Number 3:14-cv-1778, Plaintiff attached a Rejection Notice from the Central Office regarding an Administrative Remedy.  (Civil Action No. 3:14-cv-1778, Doc. 1, p. 9).  The Central Office rejected Plaintiff's appeal on the grounds that he did not first file a BP-9 request for the Warden's review, and did not attempt an informal resolution.  (*Id.*)

The factual allegations in the two complaints are strikingly similar and they involve common questions of law.  Additionally, fourteen (14) of the common Defendants have already been served with Plaintiff's amended complaint in Civil Action Number 3:14-cv-1340.  Accordingly, consolidation of these two actions will promote judicial economy.  Therefore, the cases will be consolidated into Civil Action No. 3:14-cv-1340 and the matter will proceed under that action number.  *See Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977) (a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant ... [w]hen a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure").  *See also Watson v. Secretary Pennsylvania Dept. of Corrections*, 567 Fed. Appx. 75, 79 (3d Cir. 2014) ("a district court may stay or dismiss a suit that is duplicative of another suit in federal court").  The complaint filed in Civil Action Number 3:14-cv-1778 will be filed as a second amended complaint in

10

Civil Action Number 3:14-cv-1430 and the matter will proceed on that document.

###### B.    Personal Involvement

"In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law." *Azzara v. Scism*, 2012 U.S. Dist. LEXIS 27459, *6 (M.D. Pa. 2012), citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F. Supp. 1185, 1200 n.16 (M.D. Pa. 1992). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)); *Mitchell v. Beard*, 492 Fed. Appx. 230, 235 (3d Cir. 2012) (finding that the prisoner's allegations against four of the DOC defendants "that they are liable for improperly supervising those directly responsible for his injuries" were insufficient to state a claim). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207-08; *see also Houston v. Southers*, 2012 U.S. Dist. LEXIS 85318, *9-10 (M.D. Pa. 2012).

Upon review, the complaint fails to sufficiently allege any personal involvement by Nurse Alicia Scrunover, EMPT Fairinger, Nurse S. Dees, Dr. Allen Edinger, Lieutenant J.

11

Sherman, Lieutenant Scott, Lieutenant Sailor, Lieutenant N. Carpet, and three (3) unknown Lieutenants. *See* (Civil Action No. 3:14-cv-1778, Doc. 1). Notably, a review of the Complaint reveals that, other than being listed as Defendants, there are no assertions of constitutional misconduct whatsoever set forth against Nurse Alicia Scrunover, EMPT Fairinger, Lieutenant J. Sherman, Lieutenant Scott, Lieutenant Sailor, Lieutenant N. Carpet, and three (3) unknown Lieutenants.

The only reference to Nurse S. Dees is that she allegedly did not document an assault. (Doc. 1, p. 6). Plaintiff does not allege that Nurse S. Dees caused any of his injuries or that she participated in his medical care and he has failed to allege any constitutional violation by Nurse S. Dees. The only reference to Dr. Edinger is that he was present when ambulatory restraints were removed from Plaintiff. (Doc. 1, p. 7). This allegation against Dr. Edinger fails to rise to the level of a constitutional violation. Plaintiff does not allege that Dr. Edinger participated in his medical care and does not allege that he violated his constitutional rights in any way. *See Innis v. Wilson*, 334 Fed. Appx. 454, 457 (3d Cir. 2009) (dismissing the prisoner's claims because the defendant must have personal involvement and because liability cannot be based on supervisory liability).

Plaintiff makes no specific allegations of personal involvement as to these Defendants. Accordingly, the above-mentioned Defendants will be dismissed. *See Mason v. Pierce*, 559 Fed. Appx. 117 (3d Cir. 2014) (affirming the District Court's dismissal of *pro*

12

se plaintiff's § 1983 claim and denial of leave to amend, finding that plaintiff did not attempt to allege that defendants violated his federal constitutional or statutory rights). As Plaintiff has already been afforded the opportunity to file an amended complaint in Civil Action No. 3:14-cv-1340, further leave to amend would be futile or result in undue delay. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

## IV.    Conclusion

Plaintiff's two actions will be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure as they involve common questions of law and fact. Accordingly, the actions will be consolidated into Civil Action Number 3:14-cv-1340, and Civil Action Number 3:14-cv-1778 will be closed. The complaint filed in Civil Action Number 3:14-cv-1778 will be filed as a second amended complaint in Civil Action Number 3:14-cv-1430 and the matter will proceed on that document.

Defendant R. Marr will be added as a party to this action.

The complaint in Civil Action No. 3:14-cv-1778 fails to adequately allege the personal involvement of Defendants Nurse S. Dees, Nurse Alicia Scrunover, EMPT Fairinger, Medical Doctor Allen Edinger, Lieutenant J. Sherman, Lieutenant Scott, Lieutenant Sailor, Lieutenant N. Carpet, and three (3) unknown Lieutenants in any constitutional violations. Accordingly, these Defendants will be dismissed.

13

A separate Order will be issued.


Date: ~~October~~ November  4, 2014

Robert D. Mariani
United States District Judge